**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

HANDICAP DISABLED OF CNY 'No Justice';
WILLIAM SCHISLER, SR.; ANNETTE DOW,

                        Plaintiffs,

       -v.-                                      6:15-CV-734
                                                          (TJM/ATB)

MR. MARK DOMENICO, et al.,

                        Defendants.

WILLIAM G. SCHISLER, SR.,

                        Plaintiff,

       -v-                                        6:15-CV-1122
                                                          (TJM/ATB)

RONALD & SHERRI RIZIO;
MAYOR JOSEPH FUSCO,

                        Defendants.

WILLIAM G. SCHISLER, SR, Plaintiff pro se in both actions
ANNETTE DOW, Plaintiff pro se - in 6:15-CV-734

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before the court are two very similar actions. The first – *Handicap Disabled of CNY 'No Justice'*, No. 6:15-CV-734 (TJM/ATB) was filed by plaintiff William Schisler, Sr., his fiancé, plaintiff Annette Dow, and an "entity" – Handicap Disabled of CNY 'No Justice' (HDCNY), against various officials of the City of Rome, New York and two private individuals, Mr. and Mrs. Rizio. In 6:15-CV-734, plaintiffs claimed disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The second action – *Schisler v. Rizio*, 6:15-CV-1122 (TJM/ATB) was filed by Mr. Schisler alone against Mr. and Mrs. Rizio and Rome Mayor Joseph Fusco, claiming the same disability discrimination, but asserting 42

U.S.C. § 1983 as the only basis for jurisdiction.

Plaintiffs Schisler, Dow, and HDCNY filed 6:15-CV-734 on June 15, 2015. I reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined that all but one claim should be dismissed.[1] (Dkt. No. 6). The Honorable Thomas J. McAvoy adopted my recommendation. (Dkt. 8 in 6:15-CV-734). After Senior Judge McAvoy's order adopting my Report-Recommendation, plaintiff Schisler filed a letter and a motion to stay the action for one year. (Dkt. Nos. 9 & 10 in 6:15-CV-734). The Clerk of the Court has also sent me Mr. Schisler's new complaint, filed on a form for cases brought under section 1983 cases, together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2 in 6:15-CV-1122).

Upon review, it is clear that the above actions are related and involve common questions of law or fact. The court may consolidate such cases sua sponte pursuant to Fed. R. Civ. P. 42(a). *See Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). In order to streamline and simplify consideration of these related cases, the court will consolidate them at this time. The court will now turn to the issues pending in each action.

## I. IFP Application in 6:15-CV-1122

A review of plaintiff Schisler's IFP application in 6:15-CV-1122 shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court has already found that Mr. Schisler is financially eligible for IFP status in 6:15-CV-734. Nothing has changed in plaintiff's application, and the court continues to find that Mr. Schisler is

---

[1] The details of this dismissal will be discussed below.

financially qualified for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  **Facts and Procedural History**

In both of the above actions, Mr. Schisler and Ms. Dow[2] allege that the defendants - their former next-door neighbors, Mr. and Mrs. Rizio, and various officials of the City of Rome have discriminated against them because they are disabled. In each complaint, in addition to the basic allegations of harassment by the Rizios and discrimination by the City, slightly different facts have been stated that, taken together, give the court a better idea of plaintiffs' claims. In 6:15-CV-1122, Mr. Schisler states that at the start of 2014, he wanted to obtain a permit for a driveway along the side of his house. (Complaint "Compl." at CM/ECF p.5). While plaintiff was in the process of measuring the area as instructed, Mr. Rizio told plaintiff that he was "not getting a Driveway." (*Id.*) Plaintiff states that he felt humiliated and belittled by Mr. Rizio's statement. (*Id.*) Plaintiff claims that Mr. and Mrs. Rizio have gone out of their way to block plaintiff's walkway, knowing that Mr. Schisler and his fiancé, Ms. Dow are handicapped.[3] (*Id.* at 7). Plaintiff claims that he has witnesses to the poor treatment that

---

[2] There are now only two plaintiffs in 6:15-CV-734 - Mr. Schisler and his fiancé Ms. Dow. Ms. Dow has signed the complaint, but it appears that Mr. Schisler has written the documents himself. The third plaintiff – "Handicap Disabled of CNY 'No Justice" was terminated, pursuant to my recommendation and Judge McAvoy's order, because plaintiffs failed to obtain counsel for the entity, and neither Mr. Schisler, nor Ms. Dow may represent an entity. In 6:15-CV-1122, only Mr. Schisler is listed as a plaintiff in the new case, although he continues to refer to his fiancé and his son. It is clear that Mr. Schisler may only represent himself because he is not an attorney. 28 U.S.C. § 1654.

[3] Plaintiff also alleges that he has an eight-year-old son who is also handicapped.

he has received from the Rizios. (*Id.*)

When plaintiff went to speak with Mayor Fusco about the driveway, the Mayor showed that he had no concern for disabled people. (*Id.* at 6). Plaintiff claims that the Mayor showed lack of concern by putting his hand up in Mr. Schisler's face after plaintiff removed his hearing aids to show the Mayor. Plaintiff found the Mayor's actions "rude and highly disrespectful." (*Id.*) Plaintiff states that the Mayor is required to help the community, but that Mayor Fusco "has repeatedly shown how some people are more important than others." (*Id.*) The Mayor had no concern for anything that Mr. Schisler had to say. (*Id.* at 7).

In 6:15-CV-734, plaintiff alleged that he is a hearing impaired, "walking disabled" man, who walks with a cane, but will soon need a wheelchair. (Compl. in 6:15-CV-734 ¶ 4). Plaintiff Schisler stated that his "fiancé's and their son's disabilities are getting worse and no one cares. (*Id.*) Plaintiffs claimed that defendants denied them the ability to "make alterations to accommodate disability," denied them a permit to put in a driveway on the side of their home, and continuously harassed handicapped people. (*Id.* ¶ 5(D) & (G)). In 6:15-CV-734, plaintiffs also discussed various other forms of harassment by the Rizios.

In 6:15-CV-734, I recommended that the entire complaint be dismissed with prejudice as against the Rizios because Title II[4] of the ADA does not apply to private individuals. No amendment of the complaint would have been able to cure that

---

[4] As discussed in my Report-Recommendation in 6:15-CV-734, Title II of the ADA is the only section of the ADA that could apply based on the plaintiffs' stated facts. (Dkt. No. 6 at pp. 5-7).

deficiency. I liberally interpreted plaintiffs' complaint as alleging that the city defendants denied plaintiff a building permit for their driveway due to their disabilities and stated that this claim could survive initial review, but to the extent that plaintiff was making any other ADA claims, the complaint was too vague and did not contain sufficient facts to state any other claims. However, I recommended that the complaint be dismissed without prejudice to plaintiff filing an amended complaint as to any additional claims under the ADA. (Dkt. No. 6 in 6:15-CV-734).

Judge McAvoy approved my recommendation and dismissed the Rizios with prejudice, while retaining one ADA claim against defendants in their "official capacities," and dismissing the rest of the complaint without prejudice to plaintiff filing an amended complaint within thirty (30) days of the date of his order. (Dkt. No. 8 in 6:15-CV-734). Plaintiffs did not file an amended complaint within the time allotted by Judge McAvoy. Instead, plaintiff Schisler filed a letter[5] which "objected" to Judge McAvoy's alleged determination that plaintiff was not disabled (a finding that Judge McAvoy did not make). (Dkt. No. 9 in 6:15-CV-734). In this letter, plaintiff Schisler also added a variety of other factual statements about the Rizios' alleged harassment of the plaintiffs, including allegations that the Rizios put glue in "the lock" so that plaintiffs could not get in to mow the lawn and broke into the plaintiffs' home to steal things, which the Rome Police Department has apparently ignored. (*Id.*)

This document is not an amended complaint. Although it could very liberally be interpreted as a motion to reconsider Judge McAvoy's determination, it would be

---

[5] Only plaintiff Schisler signed the letter.

6

untimely, it is not in the proper form, it is not signed by both plaintiffs, and it does not address any of the factors necessary for reconsideration. Thus, the court has not interpreted it as such. In addition, plaintiff Schisler's motion to "stay" 6:15-CV-734 for one year is based on his medical condition.[6]

The court will first address Mr. Schisler's new complaint, brought against the Rizios and Mayor Fusco based on 42 U.S.C. § 1983 and then will discuss the "stay" motion made by plaintiff Schisler in 6:15-CV-734.

## III. Jurisdiction

### A. General Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

### B. Civil Rights Cases

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution,

---

[6] Mr. Schisler refers to this motion as a request for a year's "extension." As support for his request, plaintiff has submitted a prescription for a walker, which plaintiff states he has been using "off and on" for two to three years, but must now use it "indefinitely." (Dkt. No. 11 in 6:15-CV-734). Once again, Ms. Dow has not signed the motion.

7

laws, or treaties of the United States." 28 U.S. C. § 1331. Mr. Schisler filed 6:15-CV-1122 on a form reserved for civil rights actions under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege both that the defendants have violated plaintiff's rights under either the Constitution or laws of the United States and that the defendants acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**C.     Application**

8

This is the *fourth* in a series of complaints filed by plaintiff Schisler, all attempting to claim that he (and his family) have been discriminated against because they are disabled. *See Handicap Disabled of CNY 'No Justice' v. Domenico*, No. 6:15-CV-734; *Schisler v. Rizio*, No. 6:14-CV-793; *Schisler v. Fusco*, No. 6:14-CV-794.[7] Plaintiff's previous three actions have been brought under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq.

In *Schisler v. Rizio*, No. 6:14-CV-793, plaintiff attempted to sue only the Rizios pursuant to the ADA. Magistrate Judge Thérèse Wiley Dancks recommended that the complaint be dismissed with prejudice for failure to state a claim, and District Judge Glenn T. Suddaby approved the recommendation over Mr. Schisler's objections, dismissing the action in its entirety with prejudice. (Dkt. Nos. 5, 7, 9 in 14-CV-793). In *Handicap Disabled of CNY 'No Justice' v. Domenico*, plaintiffs also sued Mr. and Mrs. Rizio. I found, as did Magistrate Judge Dancks, that in order to state a claim under Title II of the ADA, plaintiffs must allege that (1) they are "qualified individuals with a disability; (2) they were excluded from participation in a public entity's services, programs or activities, or they were otherwise discriminated against by a public entity, and (3) that such discrimination was due to their disability. *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003). I recommended dismissal with prejudice as against the Rizios because they are private individuals, and the ADA requires that the discrimination be by a "public entity." Thus, regardless of any alleged verbal or other type of harassment, the Rizios would not be subject to suit under the ADA. (Dkt. No. 6

---

[7] The Rizios were not named as defendants in this action.

at 7). My recommendation was adopted by Judge McAvoy in an order dated July 15, 2015. (Dkt. No. 8 in 15-CV-734). In 6:15-CV-1122, Mr. Schisler has now attempted to sue the Rizios under section 1983.

While section 1983 encompasses suits against individual defendants, those defendants must act under color of state law. Mr. and Mrs. Rizio are plaintiff's former next-door neighbors, who apparently were not kind to Mr. Schisler, and did not want him to construct a driveway next to his home. Even assuming that all of this is true, the plaintiff cannot bring a section 1983 suit against these private individuals. There is also no allegation that the Rizios "conspired" with any state actor to deprive plaintiff of a constitutional right. The only constitutional right that plaintiff could be asserting is his right to equal protection,[8] but there is no allegation that the Rizios conspired with any state actor to deny plaintiff's permit based upon his disability. Thus, this complaint may be dismissed as against Mr. and Mrs. Rizio ***with prejudice***. Plaintiff cannot continue to sue his neighbors in federal court, either under the ADA or under section 1983, because they disagree with plaintiff about his driveway or even if they behave badly toward plaintiff or his family.

## IV. **Equal Protection**

### A. **Legal Standards**

The Equal Protection Clause of the Fourteenth Amendment requires that the

---

[8] Equal protection will be discussed below in relation to any potential claims against Mayor Fusco.

10

government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). An essential component of an equal protection claim is that the plaintiff has been treated differently from others similarly situated. *Bishop v. Best Buy, Co., Inc.*, No. 08 Civ. 8427, 2010 WL 4159566, at *11 (S.D.N.Y. Oct. 13, 2010) (citing *Sweeney v. City of New York*, No. 03 Civ. 4410, 2004 WL 744198, at *5 (S.D.N.Y. Apr. 2, 2004), *aff'd*, 518 F. App'x 55 (2d Cir. 2013). "'Conclusory allegations of selective treatment are insufficient to state an equal protection claim.'" *Id.* (quoting *Jarrach v. Sanger*, No. 08-CV-2807, 2010 WL 2400110, at *8 (S.D.N.Y. June 9, 2010)).

**B. Application**

The only other defendant named in 6:15-CV-1122 is Joseph Fusco, the Mayor of Rome.[9] Mayor Fusco does act under color of state law; thus, the section 1983 analysis must continue beyond the first step. In order to state an equal protection claim against Mayor Fusco, plaintiff must allege that Mayor Fusco treated Mr. Schisler differently

---

[9] Mayor Fusco was one of the named defendants in *Schisler v. Fusco*, No. 6:14-CV-794. The case was ultimately dismissed because plaintiff failed to file an amended complaint pursuant to the initial order of the court. (Dkt. No. 10 in 14-CV-794). In 14-CV-794, Magistrate Judge Dancks found under the ADA that "Plaintiff has failed to allege adequate facts showing that he was 'denied the opportunity to participate in or benefit from the [City of Rome's] services, programs, or activities, or was otherwise discriminated against by defendants by reason of [his] disabilities." (Dkt. No. 6 in 14-CV-794 at p.7). But because there were too few factual allegations in Mr. Schisler's complaint for the court to determine with certainty that plaintiff would be unable to state a claim under Title II of the ADA, Judge Dancks recommended that plaintiff be given the opportunity to amend. (Dkt. No. 6 in 14-CV-794 at p.10). Although the district court adopted Magistrate Judge Dancks's recommendation and afforded plaintiff an opportunity to amend, Mr. Schisler never did so, and the complaint was dismissed with prejudice for failure to comply with Judge Suddaby's order. (Dkt. Nos. 9, 10 in 14-CV794).

11

than other similarly situated individuals because of Mr. Schisler's handicap. Although plaintiff states that the Mayor is "supposed to help the community," and "not show favoritism over one person," plaintiff does not allege how other people who are not handicapped were treated differently under the same circumstances, or even how anyone else was shown "favoritism." Plaintiff only states that when "you" ask for help, "we are not good enough." (Compl. at p.6). Plaintiff claims that he was treated with "blatant disrespect," but has not alleged with specificity that anyone else was treated differently than he and his fiancé were treated. Thus, plaintiff has failed to state a section 1983 equal protection claim as against Mayor Fusco, and the claim may be dismissed as against this defendant.

## IV. Opportunity to Amend

Generally, when the court dismisses a pro se complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Plaintiff will not be able to bring a section 1983 action against the Rizios. Plaintiff has already been told in two previous cases that he cannot create a federal cause of action over a dispute between neighbors, even if those neighbors are rude or disrespectful. He has been unsuccessful in suing the Rizios under the ADA, and his attempt to bring a section 1983 action against these individuals also cannot succeed. Thus, the court must again recommend dismissal with prejudice and without leave to amend as against the Rizios.

With respect to Mayor Fusco, I gave plaintiff an opportunity to amend his

12

complaint in 6:15-CV-734 with respect to any ADA claims related to the claim that plaintiff was denied a permit for his driveway because of his disability. Plaintiff has not filed an amended complaint in that case and has also asked for a "year" extension on that action. If plaintiff wishes to pursue a section 1983 claim against Mayor Fusco individually, the plaintiff may attempt to do so in 15-CV-734.[10] If the district court approves this recommendation, plaintiff may be given another forty-five (45) days from the date of the district court's order within which to file an amended complaint in 6:15-CV-734. Any amended complaint should be a complete pleading, must supercede the original, must **not** include the Rizios, but may include additional claims regarding handicapped discrimination under the ADA against defendants in their "official capacities" and/or any constitutional equal protection claims under section 1983 against defendants in 6:15-CV-734 in their "individual capacities."

## V. Motion for a Stay in 6:15-CV-734

On September 16, 2015, plaintiff Schisler filed a motion requesting a "one year extension" on his and Ms. Dow's case because Mr. Schisler has been very sick. (Dkt. No. 10 in 6:15-CV-734). In apparent support of his request for the "extension," Mr. Schisler attached documents showing that he must use a walker. (Dkt. No. 11 in 6:15-CV-734). First, the court notes that Ms. Dow has not signed the request. Mr. Schisler may not represent Ms. Dow, and therefore, both plaintiffs must sign motions. The court could deny the request on that basis alone.

---

[10] There is no point in having two separate actions raising identical claims even if there are two separate jurisdictional bases for those claims. It would be more efficient to handle whatever issues remain in one action.

However, there is an additional basis to deny Mr. Schisler's motion. On the same day that he filed the extension request in 6:15-CV-734, plaintiff filed his new complaint 6:15-CV-1122. It is disingenuous for plaintiff to state that he is too ill to continue to proceed with one action while filing a new action on the same day. Plaintiff's request for a year extension or stay is denied. In any event, since I am recommending that one of the two consolidated actions be dismissed, plaintiff will only have to proceed with one action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2 in 6:15-CV-1122) is **GRANTED FOR PURPOSES OF THIS ORDER AND REPORT-RECOMMENDATION**, and it is

**RECOMMENDED**, that the complaint (6:15-CV-1122) be dismissed in its entirety **WITH PREJUDICE** as against **RONALD and SHERRI RIZIO**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**RECOMMENDED**, that plaintiff's claims as against Mayor Fusco, individually, **in 6:15-CV-1122**) be **DISMISSED WITHOUT PREJUDICE TO PLAINTIFFS FILING AN AMENDED COMPLAINT IN 6:15-CV-734** within **FORTY-FIVE (45) DAYS** of the date that the court approves this recommendation, and it is

**RECOMMENDED**, that if the court approves this recommendation, and if plaintiffs file an amended complaint in 6:15-CV-734, it shall be a complete pleading, signed by both plaintiffs, which will supercede the original, and must **not** name Mr. and Mrs. Rizio as defendants, and it is

**RECOMMENDED**, that both cases be referred to me for further review at the

expiration of **FORTY-FIVE (45) DAYS** following the District Court's order on this recommendation or upon plaintiffs filing an amended complaint in 6:15-CV-734, whichever is first, and it is

**ORDERED**, that plaintiff's motion for an extension/stay in 6:15-CV-734 (Dkt. No. 10) is **DENIED**, except insofar as I have granted the plaintiffs additional time to file one amended complaint.

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation upon plaintiffs in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: September 28, 2015

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge