UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HANDICAP DISABLED OF CNY 'No Justice';
WILLIAM SCHISLER, SR.; and ANNETTE DOW,

                Plaintiffs,

   vs.                                              6:15-CV-734

MR. MARK DOMENICO, et al.,

                Defendants.
_____

_____

WILLIAM SCHISLER, SR.,

                Plaintiffs,

   vs.                                              6:15-CV-1122

RONALD & SHERRI RIZIO
MAYOR JOSEPH FUSCO,

                Defendants.
_____

Thomas J. McAvoy,
United States District Judge

## DECISION & ORDER

These actions, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983, allege Defendants discriminated against the Plaintiffs because of their disabilities. The actions were referred to the Hon. Andrew T.

1

Baxter, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Magistrate Judge Baxter *sua sponte* consolidated the actions and issued a single Report-Recommendation covering both cases.

The Report-Recommendation, dated September 28, 2015, recommended that the Court dismiss the Complaint in No. 15cv1122 with prejudice against Defendants Ronald and Sherri Rizio because they are not state actors and cannot be liable under 42 U.S.C. § 1983, that Plaintiff's claims against Mayor Fusco in No. 15cv1122 be dismissed with leave to file an amended complaint in case No. 16cv734 within 45 days, and that, if Plaintiffs file an amended complaint in No. 15cv734, that the Amended Complaint be a pleading that supersedes the original Complaint, is signed by both plaintiffs, and does not name the Rizios See dkt. # 12 in No. 15cv734 and dkt. # 6 in No. 15cv1122.

The Plaintiffs filed timely objections to the Report-Recommendation. When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiffs' objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Baxter for the reasons stated in the Report-Recommendation.

It is therefore

**ORDERED** that the Plaintiffs' objections to the Report-Recommendation of Magistrate Judge Baxter, dkt. # 13 in No. 15cv734 and dkt. # 7 in No. 15cv1122, are hereby OVERRULED. The Report-Recommendation, dkt. # 12 in No. 15cv734 and dkt. # 6 in No. 15cv1122, is hereby ADOPTED, and:

1. The Complaint in No.15cv1122 is hereby **DISMISSED** in its entirety and with prejudice as against Ronald and Sherri Rizio pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim;

2. Plaintiffs' claims against Mayor Fusco, individually, in No. 15cv1122 are hereby **DISMISSED WITHOUT PREJUDICE TO PLAINTIFFS FILING AN AMENDED COMPLAINT IN No. 15cv734 within FORTY-FIVE (45) DAYS** of the date of this Order;

3. If Plaintiffs file an Amended Complaint in No. 15cv734, that Amended Complaint shall be a complete pleading, signed by both Plaintiffs. The Amended Complaint will supercede the original Complaint. The Amended Complaint must not name Mr. and Mrs. Rizio as Defendants; and

4. Both cases will be referred to Magistrate Judge Baxter for further review at the expiration of forty-five days from the date of this Order or upon the Plaintiffs' filing of an Amended Complaint in No. 15cv734, whichever is earlier.

Plaintiffs' objections also state that "I would like a new Judge who is not [biased]." See dkt. # 13 in No. 15cv734, dkt. # 7 in No. 15cv1122. The Court takes this statement as a motion for recusal. Under federal law, "[a] judge is required to recuse [him]self from 'any

3

proceeding in which h[is] impartiality might reasonably be questioned.'" SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013) (quoting 28 U.S.C. § 455(a)). Recusal is examined under an "objective" standard: "the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." Id. A disqualifying prejudice is one that "'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.'" Id. (quoting In re International Business Machines Corp., 618 F.2d 923, 927 (2d Cir. 1980)). As such, "recusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration effort, and ordinary admonishments to counsel and to witnesses' where the conduct occurs during judicial proceedings and where the judge 'neither relies [u]pon knowledge acquired outside proceedings nor display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" Id. at 29-30 (quoting IBM, 618 F.3d at 556).

The only basis stated by the Plaintiffs for recusal is a claim that the Court is biased. This alleged bias apparently results from the Court's rulings in this matter. Since a judge's rulings, absent more, are not a proper basis for recusal, the Court will deny the motion for recusal.

**IT IS SO ORDERED.**

Dated: February 11 , 2016

Thomas J. McAvoy
Senior, U.S. District Judge